FILED
FEB -7 2011

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JERMAINE E. ANDERSON, SR.,            CV. 10-1347-ST

       Plaintiff,                     ORDER TO DISMISS

   v.

YAMHILL COUNTY CORRECTIONAL FACILITY,

       Defendant.

KING, District Judge.

On October 28, 2010, plaintiff filed a prisoner civil rights case against the Yamhill County Correctional Facility raising a variety of claims. On December 16, 2010, the court dismissed that Complaint for several reasons. In doing so, the court advised plaintiff of the elements of a 42 U.S.C. § 1983 action, and cautioned him that all defendants must be named in the caption of his pleading, thus the Yamhill County Correctional Facility was the only named defendant in his original Complaint. The court further

1 - ORDER TO DISMISS

advised plaintiff of the standards for municipal liability, and informed him that because he failed to make any proper allegation of municipal liability, he failed to state a claim against this defendant. Thus, the court concluded, "all his claims are subject to dismissal for failure to state a claim on this basis alone." Order to Dismiss (docket #6), p. 4.

The court allowed plaintiff 30 days in which to file an amended complaint curing the various deficiencies with his original Complaint, and plaintiff timely did so. However, he again names only the Yamhill County Correctional Facility as the sole defendant to this damages action, and he fails to provide any basis for municipal liability. Instead, he appears to continue to press claims regarding the opening of his legal mail against individuals who are not named as defendants to this action. Even assuming these individuals were properly named as defendants, or that plaintiff had made a proper allegation of municipal liability against the sole properly named defendant, he would be unable to prevail on such a claim for the reasons identified for him in the court's prior Order. *Id.*

To the extent plaintiff now makes allegations pertaining obstruction of justice by the district attorneys, judge, and public defender involved in his criminal case, there individuals are not named as defendants to this lawsuit. Even if they were, plaintiff would still be unable to state a damages claim against them for

2 - ORDER TO DISMISS

extending his trial date. *See Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997) (prosecutorial immunity) *Mireless v. Waco*, 502 U.S. 9, 11 (1991) (judicial immunity); *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (public defenders not state actors). Accordingly, the Amended Petition is dismissed for failure to state a claim.

## CONCLUSION

Plaintiff's Amended Complaint (docket #7) is DISMISSED for failure to state a claim. Because the court previously advised plaintiff of the deficiencies with his case and plaintiff did not remedy them through amendment, the dismissal is with prejudice.

IT IS SO ORDERED.

DATED this 17 day of ~~January~~ Feb., 2011.

_____
Garr M. King
United States District Judge

3 - ORDER TO DISMISS